VICE CHANCELLOR

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 17, 2015
Date Decided: January 6, 2016

Donald L. Logan, Esquire
Victoria K. Petrone, Esquire
Logan & Petrone, LLC
One Corporate Commons
100 W. Commons Blvd., Suite 435
New Castle, DE 19720

Samuel L. Guy, Esquire
1601 Concord Pike, Suite 38C
P.O. Box 25464
Wilmington, DE 19899

Re: *SC&A Construction, Inc. v. Potter*, Civil Action No. 10528-VCG

Dear Counsel:

This matter involves a home-improvement contract between the Petitioner, SC&A Construction, Inc. ("SC&A"), a Delaware corporation, and the Respondents, Charles Potter, Jr. and Velda C. Jones-Potter (collectively, the "Potters"), Wilmington homeowners.[1] Each side contends that the other has breached the contract. The matter has been arbitrated, although the Potters contest the validity of that arbitration. Before me is SC&A's petition for confirmation of the arbitration award (the "Petition to Confirm"), and its motion for summary judgement on that petition. For the reasons that follow, summary judgment is appropriate, and I grant the Petition to Confirm.

---

[1] I refer to Mr. Potter, where appropriate, by his first name throughout this Letter Opinion for the sake of clarity. No disrespect is intended.

Unfortunately, this case is a procedural morass. The parties' dispute was first litigated in the Superior Court, in which SC&A proceeded *in rem*, seeking a mechanic's lien against the Potters' property on which the contractual work was performed, albeit not to the satisfaction of the Potters. The Potters filed an *in personam* counterclaim against SC&A, seeking damages. SC&A moved to dismiss, raising a mandatory arbitration provision (the "Arbitration Provision") in the contract as a jurisdictional bar. The Potters responded, arguing that the Arbitration Provision was inapplicable or unenforceable on a number of grounds. The Superior Court determined that the matter must be referred to arbitration,[2] but reserved one issue concerning arbitrability—whether Charles was bound by the Arbitration Provision—for the arbitrator, E. Gerald Donnelly, Jr., Esquire (the "Arbitrator"). Ultimately, the Arbitrator found that Charles was subject to the Arbitration Provision. During arbitration, the *in rem* proceeding in Superior Court was stayed.

The Potters sought an immediate appeal of the Superior Court order referring the matter to arbitration, but that appeal was rejected as interlocutory.[3] The parties arbitrated for nine days before the Arbitrator. The Arbitrator issued his "Final Award of Arbitrator" (the "Arbitration Award") on September 23, 2014, finding in

---

[2] *But see* 10 *Del C.* § 5702(a) (granting the Court of Chancery jurisdiction to enforce an agreement to arbitrate).
[3] *Potter v. SC&A Constr.*, 69 A.3d 372 (Del. 2013) (TABLE).

2

favor of SC&A.[4]  The decision was delivered to the Potters on the same day.[5] Pursuant to the Arbitration Award, SC&A was awarded $86,544.78, plus interest at 1.5% per month from October 1, 2014 ($30.49 per day) for the breach of contract claim; $10,500.00 in attorney's fees; and $4,582.26 in administrative fees.[6]

At around the same time, a proceeding before the Wilmington Board of License and Inspection Review was taking place. At oral argument, counsel for the Potters informed me that the Board ultimately declined to issue a certificate of occupancy for the Potters' home, based on what the Potters characterize as shoddy or illegal construction by SC&A.

Shortly after receiving the Arbitration Award, on October 1, 2014, SC&A moved in the Superior Court action to "Enter the Arbitration Award as a Final Mechanic's Lien Judgment."  The Potters filed a response to that motion on October 21, 2014, arguing that the Superior Court lacked jurisdiction to enter the requested relief under the Delaware Uniform Arbitration Act.[7]  They also raised in defense the

---

[4] Petition to Confirm ¶ 7.  The Potters argue that the Arbitrator's Award is not in fact final, "in that it does not address all matters reflected in the scope of the matters presented" and because "the arbitrator addresses matters outside the scope of the arbitrator[']s asserted authority such as attorney fees and the arbitrator's administrative fees."  Response to Pet'r Mot. for Summ. Judgment ¶ 3.

[5] Pet'r Mot. for Summ. Judgment 3 n.1.

[6] Petition to Confirm ¶ 7.

[7] The parties have briefed this matter under the assumption that the Delaware Uniform Arbitration Act (the "DUAA"), and not the Federal Arbitration Act, applies.  For purposes of this Letter Opinion, I consider this a stipulation that the applicable law is the DUAA, and I have proceeded accordingly.

3

same contentions about the invalidity or inapplicability of the Arbitration Provision already rejected by the Superior Court or referred by that court to the Arbitrator. The Superior Court declined to act on SC&A's motion, finding that SC&A must first seek to confirm that Arbitration Award in this Court before it would consider entering a final mechanic's lien.[8] The Superior Court action remains stayed. SC&A then filed this action, seeking to confirm the Arbitration Award, and moved for summary judgment on the ground that the Potters had failed to file a petition to vacate, modify, or correct the Arbitration Award prior to the running of the statute of repose under the DUAA. Only after SC&A filed its summary judgment motion did the Potters file an answer opposing confirmation of the Award. Appended to the Answer—filed on March 4, 2015—was a counter-petition (the "Petition to Vacate"), seeking to vacate, modify, or correct the Arbitration Award.

10 *Del. C.* § 5713 provides the authority for this Court to confirm arbitration awards:

> The Court *shall* confirm an award upon complaint or application of a party in an existing case made within 1 year after its delivery to the party, *unless within the time limits hereinafter imposed* grounds are urged for vacating or modifying or correcting the award.[9]

The "time limits" referred to are those imposing a statute of repose within which a party may contest the award of an arbitrator: the non-prevailing party may request

---

[8] *See* 10 *Del. C.* § 5702(a) (conferring jurisdiction to confirm arbitration awards on this Court).
[9] *Id.* at § 5713 (emphasis added).

4

that the Court vacate, modify, or correct the award pursuant to 10 *Del. C.* §§ 5714–15. Those statutes provide that, upon complaint or an application by a party in an existing case, "made *within 90 days* after delivery of a copy of the award to the applicant," the Court may vacate, modify, or correct the award for certain enumerated reasons.[10] Here, to be timely, application to vacate by the Potters should have been made in this Court by December 22, 2014. The Potters, however, did not seek timely vacature or modification; their Petition to Vacate was not filed until March 4, 2015. According to SC&A, I am therefore without jurisdiction to entertain such a request here, and must confirm the Arbitration Award under Section 5713.

The Potters contend that their response to the motion of SC&A in the Superior Court action to "Enter the Arbitration Award as a Final Mechanic's Lien" either constitutes a timely "urging of grounds" to vacate, in compliance with Sections 5713–15, or tolls the repose period indefinitely. Their response to SC&A's Superior Court motion was not a request to vacate, however. Only this Court has jurisdiction to vacate. The response to the motion in Superior Court was an attempt to raise again the invalidity or inapplicability of the Arbitration Provision, which had already been rejected by that court. It is clear that the Potters have preserved the right to

---

[10] *Id.* at § 5715(a) (emphasis added); see *Id*. at § 5714(b) (imposing 90-day limit on requests to vacate). Under the latter provision, the 90-day period begins to run when the award is delivered, except where corruption or fraud are implicated, in which case the period commences upon discovery; the exception is not pertinent here.

5

review of that decision, which they attempted to appeal. It is equally clear that this Court is an improper forum for such a review, and that the Potters are collaterally estopped from raising those issues here. Despite their request that I revisit these issues and rule on arbitrability, I do not—cannot—do so here. Once this action is resolved, however, the parties are free to seek a lifting of the stay and a final, appealable order in the Superior Court action. Assuming that the Potters take and are successful on such a renewed appeal, the Superior Court order referring the matter to arbitration, and the resulting Arbitration Award—whether confirmed by this Court or not—will be a nullity. But arbitrability itself is a matter I cannot address in this action.

In the Petition to Vacate, the Potters also seek to raise a second set of issues, never presented in Superior Court, concerning the conduct of the Arbitrator and the Arbitration Award. These include allegations that the Arbitrator was biased in favor of SC&A;[11] that the Arbitrator disregarded the facts and the law, and failed to provide the rationale for his decision;[12] that the Arbitrator did not conduct a proper site visit;[13] and that the Arbitration Award improperly included fees and costs.[14] This group of issues, involving the validity of the conduct of the Arbitrator and the

---

[11] Petition to Vacate ¶ 25.
[12] *Id.* at ¶¶ 26, 28, 32–33, 38.
[13] *Id.* at ¶ 27.
[14] *Id*. at ¶¶ 23, 29.

6

Arbitration Award, were raised for the first time on March 4, 2015. While the Potters are not collaterally estopped from raising these issues, they are time-barred. By failing to raise these grounds for vacature or correction in any forum[15] within 90 days of the Arbitration Award, the Potters have forgone the opportunity to seek to vacate or modify the Arbitration Award based upon those grounds, under Sections 5714 and 5715. Moreover, the grounds not having been timely asserted, I am bound to confirm the Arbitration Award pursuant to Section 5713.

For the foregoing reasons, SC&A is entitled to summary judgment. The Petition to Confirm is granted, and the Petition to Vacate is dismissed as untimely. Nothing in this Letter Opinion should in any way be read as passing upon the issues involving arbitrability decided by the Superior Court, and nothing in this Letter Opinion shall prevent the Potters from raising those issues on appeal, as appropriate.

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[15] Since these grounds were not raised in the Superior Court action, I need not address whether such a procedure would satisfy Section 5714, a proposition I find dubious upon review of Chapter 57 as a whole.